[No. 28942.   Department Two.   January 20, 1943.]

THE STATE OF WASHINGTON *on the Relation of Ada May Dawson, Plaintiff*, v. THE SUPERIOR COURT FOR KITTITAS COUNTY, *Arthur McGuire, Judge, Respondent.*[1]

[1]Reported in 133 P. (2d) 285.

*F. L. Morgan,* for relator.

*E. K. Brown,* for respondent.

GRADY, J.—This is an original proceeding brought in this court upon petition of Ada May Dawson, hereinafter referred to as relator, praying that this court issue a writ of mandamus directed to the superior court of Washington for Kittitas county, Arthur McGuire, Judge, directing that the court dismiss the action pending in that court, entitled "Vern Dawson, plaintiff, v. Ada May Dawson, defendant." An alternative writ of mandamus was issued, to which the respondent has made return in the form of a verified answer.

A question has been raised as to whether mandamus or certiorari is the proper remedy. We have concluded, as the answer of the respondent, which has not been controverted, sets forth all of the facts neces-

sary to a decision of the questions raised, to treat this as a certiorari proceeding under the rule adopted by this court in *State ex rel. Crockett v. Sutton,* 159 Wash. 307, 293 Pac. 469.

The record shows that, on August 4, 1939, Vern Dawson commenced an action against the relator, his wife, to obtain an interlocutory order of divorce from her, and asked for the custody of their three minor children. The relator was served with summons and complaint in Grays Harbor county, where she was then residing. The relator made a special appearance and asked for an abatement of the action upon the ground that another action for divorce, brought by her against her husband, was pending in Grays Harbor county. This motion was never brought on for hearing and no order was entered thereon.

On October 10, 1939, the relator applied to the superior court of Washington for Kittitas county for, and there was entered, an order by the court requiring the plaintiff in that action to pay her ten dollars a month, as support money; fifty dollars, suit money; and fifty dollars, temporary attorney's fees. The order also provided that further proceedings in the action should be stayed until these payments were made. The plaintiff in that action has not complied with the order of the court, but has always claimed, in subsequent proceedings had in the action, that he was financially unable to make the payments.

On January 4, 1940, the relator filed a motion to dismiss the action for failure to prosecute the same; also, because of the pendency of the action in Grays Harbor county, and because the plaintiff had not complied with the order of the court requiring the payment of temporary alimony and suit money. Upon the hearing of this motion, it was denied by the court, but no formal order was entered.

On June 25, 1940, the relator filed a motion to dismiss the action for want of prosecution, but this motion was never heard by the court. On April 15, 1941, the relator filed another motion to dismiss the action for want of prosecution and for the further reason that the plaintiff had not complied with the order of the court as to temporary alimony and suit money. Upon a hearing of the motion, at which the plaintiff claimed inability to comply with the order of the court because of his physical and financial condition, an order was made and entered by the court April 21, 1941, denying the motion to dismiss.

On May 5, 1941, the relator filed a brief in support of the motion which had been denied, and, on May 17, 1941, the court filed a memorandum decision justifying its action in denying the motion on the ground that the order theretofore made staying proceedings in the action prevented a trial thereof. On March 21, 1942, the relator filed a motion for dismissal of the action upon the ground that more than one year had elapsed since its commencement, and that the plaintiff had made no effort to bring the case to trial. This motion also was never brought on for hearing before the court. On October 27, 1942, the relator again filed a motion to dismiss the action, basing it upon Rule III of the Rules of Pleading, Procedure and Practice, 193 Wash. 40-a. A hearing was had upon this motion, which motion was resisted by the plaintiff.

On November 12, 1942, the court made a memorandum decision denying the motion to dismiss, but, upon request of the relator, did not enter a formal order so that the relator might apply to this court for an alternative writ of mandamus; however, a sufficient record being before us, we shall, for the purpose of review, consider the memorandum decision as a formal order denying the motion to dismiss.

Although the divorce action in the superior

court for Kittitas county has been pending since August 4, 1939, we do not think Rule III of the rules of practice applies to the situation here presented. The rule provides that a civil action shall be dismissed without prejudice for want of prosecution whenever the plaintiff shall neglect to note the action for trial within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing has been caused by the party who makes the motion to dismiss. Under this rule, the court has no discretion, but must dismiss the action if it has been pending for one year after any issue of law or fact has been joined, unless the failure to bring the case on for trial has been caused by the one making the motion to dismiss. *State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246; *State ex rel. Goodnow v. O'Phelan,* 6 Wn. (2d) 146, 106 P. (2d) 1073; *State ex rel. Philips v. Hall,* 6 Wn. (2d) 531, 108 P. (2d) 339.

In order to invoke this rule, a defendant must remain passive and not do, or cause to be done, anything to prevent the plaintiff from bringing the action on for trial. We think the action of the relator in causing the court to enter an order staying proceedings in the action until the plaintiff complied with the order of the court directing the payment of temporary alimony and suit money, precludes her from invoking Rule III.

■■ A court of general jurisdiction has the inherent power to dismiss pending actions if they are not diligently prosecuted, and it is its duty to do so in the orderly administration of justice. The dismissal of an action for want of prosecution, in the absence of statute or rule of court creating the power and guiding its action, is in the discretion of the court. As a general rule, the discretion of the court cannot be controlled by mandamus. As Rule III of the general rules of practice does not involve any element of discretion, we

have held that mandamus will lie. *State ex rel. Lyle v. Superior Court, supra.* This is why we have, in this case, concluded to treat this proceeding as one of certiorari and not one of mandamus.

The plaintiff in the divorce action in Kittitas county is not entitled to have that action pend and remain in abeyance indefinitely merely because he is unable to comply with the order of the court requiring him to pay temporary alimony and suit money to the relator, even though the action of the plaintiff has been stayed by an order of the court until the order for temporary alimony and suit money has been complied with. This cannot adversely affect the relator for an unreasonable length of time. It may be that the amount of temporary alimony now owing is greater than the plaintiff can pay, but he has always had the right to apply to the court for relief if he could not comply with the order. The plaintiff has been content to plead inability to comply with the order of the court and rely upon the stay order as an excuse for not prosecuting his action. He has made serious charges against his wife, and she should no longer be embarrassed by the pendency of the action. The action should be dismissed.

The order of the court on review denying the motion to dismiss, is reversed.

SIMPSON, C. J., ROBINSON, BEALS, and BLAKE, JJ., concur.