[No. 32694. Department Two. February 23, 1954.]

A. G. FRIESE *et al., Appellants,* v. GEORGE W. ADAMS *et al.,* *Respondents.*[1]

*Fred M. Bond,* for appellants.

*Stark & Hill,* for respondents.

DONWORTH, J.—This is an appeal from an order dismissing plaintiffs' action for want of prosecution which was entered pursuant to Rule 3 of the Rules of Pleading, Practice and Procedure, 34A Wn. (2d) 69.

Plaintiffs filed their complaint March 20, 1952. Defendants filed an answer and affirmative defense April 11, 1952. The action became at issue April 25, 1952, when plaintiffs filed their reply.

[1]Reported in 267 P. (2d) 107.

On January 26, 1953, plaintiffs filed a statutory notice as provided for by RCW 4.44.020, stating that the case would be called up for setting for trial on January 30, 1953. This notice was not served on defendants' attorney.

However, defendants' attorney was present in court on January 30, 1953, and participated in setting the case on the docket for trial on February 25, 1953. On February 13, 1953 (both attorneys again being present in court), the trial date was continued to March 25, 1953. On March 20, 1953, plaintiffs filed a motion for a continuance for a reasonable time because of the absence of a material witness. This motion had previously been served on defendants' attorney.

The minutes of the court for March 20, 1953, recite the presence of both attorneys and contain the notation: "Matter stricken." No explanation is given as to the reason for striking the case from the trial calendar.

No further proceedings occurred until June 26, 1953, when defendants filed a motion to dismiss the suit for want of prosecution pursuant to Rule 3. The motion was granted, and the order of dismissal entered. Plaintiffs have appealed.

Appellants have assigned as error the entry of the order of dismissal.

The question raised by the appeal is: Did appellants "note the action for trial . . . within one year" after issues were joined, so as to comply with Rule 3, *supra*?

Rule 3 provides in part:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to *note the action for trial or hearing* within one year after any issue of law or fact has been joined." (Italics ours.)

Respondents in their brief say:

"The sole question to be determined on this appeal is whether or not Rule 3, supra, applies when a case was *set for trial* within a year after issue of law and fact was joined, but the case was not in fact *tried* within that time." (Italics ours.)

In his oral argument, respondents' attorney modified his position, contending that, if the case is not *tried* within

one year after issues are joined, it must at least have been *set for trial* when the year comes to an end.

Respondents are mistaken. Rule 3 does not require a case to be tried within a year from the date that issues are joined, nor does the rule require that the action be set for trial when the year ends.

The rule requires that, within one year after issues are joined, the moving party must *"note the action* for trial or hearing" in order to avoid dismissal for want of prosecution.

The method of noting an action for trial consists of giving to the opposing party the statutory notice provided for by RCW 4.44.020. When such statutory notice is properly given, the running of the one-year period set by Rule 3 is tolled.

That the giving of the statutory notice required by RCW 4.44.020 is a sufficient noting of the action for trial, was recognized by this court in *In re Ellern,* 29 Wn. (2d) 527, 188 P. (2d) 146.

In the present case, appellants filed the statutory notice required by RCW 4.44.020 on January 26, 1953, but failed to serve it. By such filing, appellants tolled the running of the year during which the action had to be noted for trial if the statutory notice was properly given.

RCW 4.44.020 provides that, at least three days before setting day, the moving party must serve the statutory notice upon the opposite party, and file the notice with the county clerk. As stated above, appellants filed the required notice but neglected to serve it on respondents.

 However, respondents cannot raise that issue on this appeal. In the second sentence of their brief, respondents say:

"Appellants fail to state that the notice calling up the cause for setting for trial, on January 30th, 1953, was never served upon respondents although it is not denied that respondents' attorney appeared on January 30th, 1953."

Nowhere else in respondents' brief is any reference made to appellants' failure to serve the statutory notice required by RCW 4.44.020, and respondents' attorney did not refer to that matter in his oral argument to this court. Having

failed to urge that appellants' failure to serve the statutory notice constituted a noncompliance with the statute, respondents must be deemed to have waived such contention. Furthermore, by appearing in court on the setting day (January 30, 1953) and participating in setting the case for trial, respondents waived the failure to serve the statutory notice.

Since the record plainly shows that appellants noted this case for trial within one year after issue joined, the judgment is reversed, and the cause remanded with instructions to set aside the order of dismissal.

GRADY, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.