[No. 39719. En Banc. February 5, 1970.]

CATHERINE A. YELLAM, *Appellant*, v. WILLIAM WOERNER *et al., Defendants,* WESTERN ELEVATOR REPAIR COMPANY, *Respondent.*\*

\*Reported in 464 P.2d 947.

*Michael R. Alfieri* and *Moschetto & Alfieri,* for appellant.

*Reed, McClure & Moceri,* by *William L. Holder,* for respondent.

*Donald McMullen* and *McMullen, Brooke, Knapp & Grenier,* amici curiae.

HAMILTON, J.—This is an appeal from a judgment dismissing plaintiff's action for want of prosecution, pursuant to former Rule of Pleading, Practice and Procedure 41.04W(a).

The chronology of pertinent events may be summarized as follows: Plaintiff, a motel maid, was allegedly injured on May 20, 1963. She instituted suit against William and Jane Doe Woerner, doing business as Town Center Motel, and Western Elevator Repair Company, serving them with an amended summons and complaint on or about March 19, 1965. The Woerners served a notice of appearance upon plaintiff on March 26, 1965, and on April 8, 1965, Western Elevator Repair Company served its answer to the amended summons and complaint. On April 20, 1965, plaintiff filed her amended summons and complaint with the clerk of the superior court and contemporaneously served and filed a note for trial docket. On or about April 23, 1965, the clerk of the superior court, acting pursuant to Rule 35(b)[1] of the Special Rules of the Superior Court for King County, returned the note for trial docket upon the grounds that the Woerners had not filed an answer. Discovery procedures ensued between the parties, and on January 18 and February 9, 1966, plaintiff again attempted to note the cause for trial setting, each time without success because

[1]"The clerk shall not place any cause on the trial calendar nor will any cause be set down for trial until the issues have been fully made up and pleadings filed." Rule 35(b) Special Rules of the Superior Court for King County.

the Woerners had yet to serve and file an answer. Plaintiff moved for and procured an order granting a voluntary nonsuit against the Woerners on March 4, 1966, and on April 26, 1966, again noted the cause for trial setting which notice was accepted by the clerk of the superior court. Thereafter, on June 8, 1966, Western Elevator Repair Company served, filed, and noted for hearing its motion to dismiss the action under Rule 41.04W(a) for failure of plaintiff to note the action for trial within 1 year after April 8, 1965, the date Western Elevator Repair Company had served its answer. The trial court granted the motion and entered judgment of dismissal on June 29, 1966. On July 18, 1966, plaintiff gave notice of appeal.

Rule of Pleading, Practice and Procedure 41.04W(a), in effect at the time of the trial court's judgment of dismissal, provided:

> Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counter-claimant, cross-claimant, or third-party plaintiff neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party.

The rule permitted no discretion. If the conditions of the rule were met, dismissal was mandatory. *Day v. State,* 68 Wn.2d 364, 413 P.2d 1 (1966); *Simpson v. Glacier Land Co.,* 63 Wn.2d 748, 388 P.2d 947 (1964); *State ex rel. Lyle v. Superior Court,* 3 Wn.2d 702, 102 P.2d 246 (1964). Under this rule the trial court correctly granted the motion to dismiss.

Effective as of July 1, 1967, and during the pendency of the appeal in the instant case, CR 41(b)(1), RCW vol. 0, was adopted. This rule modified the procedure followed under former RPPP 41.04W(a), and reads:

> Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counter-claimant, cross-claimant, or third-party plaintiff neglects to note the action for trial or hearing within 1 year after

any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. *Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.*

(Italics ours.)

It is apparent that had CR 41(b)(1) been in effect at the time the trial court ruled upon respondent's motion to dismiss plaintiff's action, the outcome would have been different for plaintiff had noted the cause on for trial prior to any hearing on the motion. Since such was not the case, the question, then, is whether CR 41(b)(1) applies to a case, such as this one, decided by the trial court under the former rule but pending on appeal upon the effective date of the new rule.

Respondent argues that the action was completed, at least insofar as the trial court's consideration of the motion to dismiss be concerned, before the effective date of the new rule and therefore RPPP 41.04W should govern consideration on appeal. Respondent also argues that CR 41(b)(1) was not intended to be retroactive because it did not explicitly so provide, whereas another part of CR 41(b) did so provide, namely CR 41(b)(2)(C).[2]

We cannot agree with respondent's contentions.

█ Generally speaking, newly enacted statutes or newly adopted rules operate prospectively. *State v. Ladiges*, 63 Wn.2d 230, 386 P.2d 416 (1963); *McDowell v. Burke*, 57 Wn.2d 794, 359 P.2d 1037 (1961). However, when a statute or rule not explicitly made retroactive is remedial in nature, it can operate retrospectively. A statute or rule is remedial when it relates to practice, procedure or remedies and does not affect a substantive or vested right. *Tellier v.*

---

[2]"This dismissal procedure is mandatory as to all cases filed after January 1, 1959, and permissive as to all cases filed before that date. This rule is not a limitation upon any other power that the court may have to dismiss any action upon motion or otherwise." CR 41(b)(2)(C), RCW vol. 0.

*Edwards,* 56 Wn.2d 652, 354 P.2d 925 (1960), and cases cited.

■ CR 41(b)(1) is procedural and remedial in nature and purpose. It involves no substantive or vested rights. It is apparent the modification of RPPP 41.04W(a) was promulgated to encourage cases to be heard on the merits by allowing plaintiffs, who may have become innocently ensnared with dilatory pleading practices, a final opportunity to note their cause for trial even after the 1-year period of time had run. The amended version also tends to eliminate the procedural confusion which may have confronted litigants in counties with local rules such as Rule 35(b) Special Rules of the Superior Court for King County. *See, e.g., Simpson v. Glacier Land Co., supra.*

Furthermore, in adopting the Civil Rules for Superior Court, it was provided in CR 86:

> These rules and amendments promulgated pursuant to authority granted to the Supreme Court shall govern all proceedings in actions after they take effect, and also all further proceedings in actions pending on their effective dates, except to the extent that in the opinion of the superior court, expressed by its order, the application of rules in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the procedure existing at the time the action was brought applies.

■ An action on appeal is a pending action. *State v. Tugwell,* 19 Wash. 238, 52 P. 1056 (1898); *Haynes v. Seattle,* 87 Wash. 375, 151 P. 789 (1915). The rule providing for dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. *Franks v. Douglas,* 57 Wn.2d 583, 358 P.2d 969 (1961); *State ex rel. Witting v. Superior Court,* 56 Wn.2d 117, 351 P.2d 409 (1960); 4 L. Orland, Wash. Prac. 86 (2d ed. 1968). We perceive no manifest injustice which would result from applying CR 41(b)(1) to the present case, particularly in view of the fact that the former rule was modified to further procedural fairness.

The order of dismissal is reversed and the cause is remanded for further proceedings.

HUNTER, C. J., FINLEY, WEAVER, ROSELLINI, HALE, NEILL, and McGOVERN, JJ., concur.

April 6, 1970. Petition for rehearing denied.