934 P.2d 662 (1997)
131 Wash.2d 572
Michael H. WALLACE and Barbara Wallace, husband and wife, and Westco Corporation, a California corporation, Respondents,
v.
Andrew L. EVANS and Ann Llewellyn Evans, husband and wife, Petitioners.
No. 63740-7.
Supreme Court of Washington, En Banc.
Argued November 20, 1996.
Decided April 10, 1997.
Butcher & Williams, Frank W. Birkholz, Seattle, Kirkland & Ellis, Jean Haynes, New York City, for petitioners.
Stoel Rives Boley Jones & Grey, Deborah A. Elvins, Seattle, for respondents.
SANDERS, Justice.
Petitioners Evans seek review of a trial court's denial of their motion to dismiss for want of prosecution. Petitioners contend the trial court erred in concluding that under CR 41(b)(1) the court had no authority to grant the motion after respondents noted the case for trial, regardless of how long respondents' action had been inactive. We affirm.
Respondents Wallace sued petitioners in 1987. After petitioners filed their answer, neither petitioners nor respondents took any further action for six years.[1] When petitioners finally moved to dismiss the case for want of prosecution, respondents noted the case for trial. The trial court declined to dismiss the case, concluding that, under CR 41(b)(1) and Snohomish County v. Thorp Meats, 110 Wash.2d 163, 750 P.2d 1251 (1988), the court had no authority to dismiss the case after respondents had noted the matter for trial.
I. CR 41(b)(1) AND THORP MEATS
(b) Involuntary Dismissal; Effect. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal *663 of an action or of any claim against him.
(1) Want of Prosecution on Motion of Party. Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.

CR 41(b) (emphasis added).
A. Inherent authority
Notwithstanding the unambiguous and mandatory language of CR 41(b)(1), petitioners contend the trial court had the "inherent authority" to consider and grant their motion to dismiss for want of prosecution. The interpretation of CR 41(b)(1) suggested by petitioners was squarely rejected by this court in Thorp Meats. After the civil case in Thorp Meats had seen no action of record for more than a year, the clerk notified the plaintiff that the action would be dismissed if no action was taken within 30 days. The plaintiff noted the matter for trial. In response, one of the defendants moved for dismissal. The trial court granted the motion to dismiss. The Court of Appeals reversed, holding that CR 41(b)(1) prohibited dismissal. Thorp Meats, 110 Wash.2d at 165, 750 P.2d 1251. We affirmed.
We first noted that "[a] court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented." Thorp Meats, 110 Wash.2d at 166-67, 750 P.2d 1251 (emphasis added) (footnote omitted) (citing State ex rel. Dawson v. Superior Court, 16 Wash.2d 300, 304, 133 P.2d 285 (1943)). We also noted that "where the provisions of CR 41(b)(1) and its predecessors apply, dismissal of an action is mandatory; there is no room for the exercise of a trial court's discretion." Thorp Meats, 110 Wash.2d at 167, 750 P.2d 1251. Therefore,
[i]t would be illogical to now rule that while dismissal under CR 41(b)(1) is mandatory if the circumstances fit within the rule, nondismissal somehow requires or even allows the exercise of a trial court's discretion in this situation. Indeed, as the Court of Appeals has recognized,
the 1967 [version of CR 41(b)(1) ] contemplates a limitation upon the otherwise inherent discretionary power of the court to dismiss, upon the motion of a party, for failure to bring a case on for trial in a timely fashion.
Thorp Meats, 110 Wash.2d at 168, 750 P.2d 1251 (quoting Gott v. Woody, 11 Wash.App. 504, 507, 524 P.2d 452 (1974)). Finally, we concluded that
the final sentence of CR 41(b)(1) means precisely what it says, a case shall not be dismissed for want of prosecution if it is noted for trial before the hearing on the motion to dismiss. The rule as it has read since 1967 thus limits the power of the trial court to dismiss for failure to prosecute after the issue is joined and the case noted for trial.
Thorp Meats, 110 Wash.2d at 168-69, 750 P.2d 1251. Our rejection of the "inherent authority" argument was similarly unequivocal.
[W]here a motion for dismissal for want of prosecution is prompted by inaction in bringing the case on for trial, CR 41(b)(1) controls over the more general provisions of CR 41(b) to preclude dismissal if the case is noted for trial before the dismissal motion is argued. As noted earlier, CR 41(b)(1) also prevents dismissal under these circumstances pursuant to a trial court's inherent authority.

Thorp Meats, 110 Wash.2d at 170, 750 P.2d 1251 (emphasis added).[2] *664 B. Earlier cases
Petitioners suggest that this interpretation of our opinion in Thorp Meats is incompatible with earlier cases that we have not overruled. The cases relied on by petitionersDawson, 16 Wash.2d 300, 133 P.2d 285; Bishop v. Hamlet, 58 Wash.2d 911, 365 P.2d 600 (1961); and Peterson v. Parker, 151 Wash. 392, 275 P. 729 (1929)predate our adoption of the current version of CR 41(b)(1). The provision barring dismissal when an action has been noted for trial was added to the rule in 1967. Thorp Meats, 110 Wash.2d at 167-68, 750 P.2d 1251. It was not necessary for our Thorp Meats decision to overrule old cases that have been superseded by a significant change in the rule they interpret.
C. "Dilatoriness of a type not described by CR 41(b)"
Petitioners erroneously rely on a passage in Thorp Meats which addresses a trial court's inherent authority to dismiss cases as a sanction for violations of other court rules, orders, and calendar settings. In Thorp Meats, we observed that "[t]his interpretation [of CR 41(b)(1) ] does not destroy a trial court's inherent authority to manage its calendar. Where dilatoriness of a type not described by CR 41(b)(1) is involved, a trial court's inherent discretion to dismiss an action for want of prosecution remains." Thorp Meats, 110 Wash.2d at 169, 750 P.2d 1251. Petitioners suggest the respondents' failure to prosecute for a period longer than the applicable statute of limitations amounts to such "dilatoriness." We disagree.[3] "Dilatoriness of a type not described by CR 41(b)(1)" refers to unacceptable litigation practices other than mere inaction, whatever the duration. This is readily apparent from Gott v. Woody, 11 Wash.App. at 508, 524 P.2d 452, the authority we cited as support for the quoted passage. Thorp Meats, 110 Wash.2d at 169, 750 P.2d 1251.
In Gott, the Court of Appeals reached the same conclusion as our later opinion in Thorp Meats, holding that CR 41(b)(1) operates as a limitation on the otherwise discretionary authority of trial courts to dismiss actions for want of prosecution. Gott, 11 Wash.App. at 507, 524 P.2d 452. The Gott court also rejected an argument similar to the arguments advanced by petitioners.
We do not believe, as defendants contend, that this interpretation will seriously invade the discretionary power of the Superior Court to manage its affairs, so as to achieve the orderly and expeditious disposition of cases, to assure compliances with the court's rulings and observance of hearing and trial settings which are made. In these areas the trial court's inherent discretion is not questioned by our interpretation. See Wagner v. McDonald, 10 Wash. App. 213, 516 P.2d 1051 (1973) (dismissal for want of prosecution where plaintiff failed to appear at trial). See also Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); (FRCP 41) (dismissal where failure to appear at pretrial conference was combined with general dilatoriness).
Gott, 11 Wash.App. at 508, 524 P.2d 452. Our citation to this portion of Gott in our Thorp Meats opinion clearly shows that "dilatoriness of a type not described by CR 41(b)(1)" refers to something other than mere lack of prosecution.
D. Other provisions of CR 41(b)
Finally, petitioners point out that CR 41(b), CR 41(b)(1), and CR 41(b)(2) each have independent significance. However, contrary to petitioners' argument, our interpretation of CR 41(b)(1) in Thorp Meats does not render CR 41(b) or CR 41(b)(2) superfluous. CR 41(b) recognizes the trial court's authority to dismiss cases as a sanction for "`other types of failure to prosecute, such as abandonment at trial, or failure to attend on the trial date.'" Thorp Meats, 110 Wash.2d at 169, 750 P.2d 1251 (quoting 4 Lewis H. Orland, Wash. Prac., Rules Practice § 5502, at 241 (3d ed. 1983)). CR 41(b)(2) directs the superior courts to dismiss, on a clerk's own motion, any cases in which there has been no action of record for one year. Neither of these provisions is rendered superfluous by our interpretation of CR 41(b)(1) which prohibits *665 dismissal for want of prosecution after an action has been noted for trial.
II. OTHER ARGUMENTS
A. The statute of limitation
Respondents' action was inactive for a period longer than the applicable statute of limitation. Petitioners suggest that an interpretation of CR 41(b)(1) that prevents such an action from being dismissed conflicts with the policy of the statute of limitation. However, because this action was filed within the applicable limitations period, the statute of limitation does not actually apply. In the absence of any ambiguity in the language of CR 41(b)(1) or our Thorp Meats opinion, petitioners' policy argument is unhelpful.
B. Equal protection
Petitioners argue that an interpretation of CR 41(b)(1) which permits civil claims to remain inactive longer than the applicable statute of limitations violates constitutional guarantees of equal protection. Petitioners have cited no applicable legal authorities. Petitioners' argument is based on extremely careless assumptions that (i) defendants facing inactive civil claims are "similarly situated" with potential defendants who have not actually been sued, and (ii) there is no rational basis for treating these classes differently. We reject such insubstantial constitutional arguments as "`"naked castings into the constitutional sea...."'" State v. Johnson, 119 Wash.2d 167, 171, 829 P.2d 1082 (1992) (quoting In re Rosier, 105 Wash.2d 606, 616, 717 P.2d 1353 (1986) (quoting United States v. Phillips, 433 F.2d 1364, 1366 (8th Cir. 1970), cert. denied, 401 U.S. 917, 91 S.Ct. 900, 27 L.Ed.2d 819 (1971)).
C. Other jurisdictions
Petitioners suggest that our interpretation of CR 41(b)(1) in Thorp Meats is at odds with every other American jurisdiction. Petitioners cite cases from more than 20 other states where similarly stagnant cases were dismissed for want of prosecution. Unfortunately for petitioners, our version of CR 41(b)(1) expressly forbids involuntary dismissal of actions that have been noted for trial. Petitioners have cited no cases involving civil rules with provisions sufficiently similar to Washington's apparently unique prohibition on dismissal of cases that have been noted for trial.
Petitioners further suggest that our interpretation of CR 41(b)(1) would make Washington a unique "safe haven" for dilatory plaintiffs. We find this objection to be somewhat melodramatic. Only defendants who allow claims to lie dormant and take no affirmative steps to dispose of such claims will find themselves in petitioners' situation.[4] Noting a case for trial provides only a short-term respite for dilatory plaintiffs. Once the matter is noted for trial, the trial court may refuse to change the trial date and may dismiss the action if the plaintiff is not ready to proceed. Furthermore, courts have other tools to compel plaintiffs to prosecute civil actions in a timely manner.[5]
Affirmed.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN and ALEXANDER, JJ., concur.
TALMADGE, Justice (dissenting).
The majority condones extremely dilatory conduct in bringing a case to trial, and strips *666 our trial courts of their inherent authority to dismiss a case for want of prosecution. In an era when strong case management is needed in our civil justice system, the majority opinion offers yet another opportunity for the tactics of delay in resolving civil disputes. For these reasons, I respectfully dissent.
The respondents Wallace sued the petitioners Evans on August 17, 1987, in King County Superior Court. The issue was joined when the Evanses filed an answer on February 4, 1988. The Wallaces thereafter did not note the case for trial until late 1995, and then only in response to the Evanses' motion to dismiss under CR 41(b)(1). The trial court denied the motion to dismiss, "having concluded it has no authority under Snohomish v. Thorp to dismiss if the case is noted before the hearing of the dismissal motion." Order on Civil Motion, Tab B to App. to Br. of Pet'r.
CR 41(b)[1] provides a defendant in a civil case may move for dismissal if a plaintiff fails to prosecute its case. If, however, the case is noted for trial before the hearing on the motion to dismiss, the action may not be dismissed under CR 41(b)(1). In construing CR 41(b)(1), this Court in Snohomish County v. Thorp Meats, 110 Wash.2d 163, 750 P.2d 1251 (1988), indicated the noting of a case for trial forecloses the granting of a motion to dismiss under CR 41(b)(1), because the rule was designed to encourage resolution of cases on their merits. We expressed a concern that dismissal of a case for failure to prosecute was excessively punitive. Thorp Meats, 110 Wash.2d at 168, 750 P.2d 1251.
In Thorp Meats, Snohomish County filed suit on August 11, 1980 for an injunction against Thorp Meats, requiring removal of fill dirt, and later amended its complaint to join an additional defendant. The defendants never answered, and the County moved for default over a year later. Both defendants then filed answers, and the County struck its default motion. The County did nothing further on the case until the court clerk sent notification on July 26, 1983, it would dismiss the case in 30 days pursuant to CR 41(b)(2), providing for dismissal on clerk's motion. In response, the County then filed a note for trial setting on August 8, 1983. One of the defendants, now roused, filed a motion for dismissal under CR 41. The County obtained a trial setting from the court administrator, but later that day, on hearing of the motion for dismissal, the trial court dismissed the case, basing its decision on a court's inherent powers.
We reversed the trial court, stating:
We conclude that the final sentence of CR 41(b)(1) means precisely what it says, a case shall not be dismissed for want of prosecution if it is noted for trial before the hearing on the motion to dismiss. The rule as it has read since 1967 thus limits the power of the trial court to dismiss for failure to prosecute after the issue is joined and the case noted for trial.
Thorp Meats, 110 Wash.2d at 168-69, 750 P.2d 1251. Immediately thereafter, however, the Court went on to say:
This interpretation does not destroy a trial court's inherent authority to manage its calendar. Where dilatoriness of a type not described by CR 41(b)(1) is involved, a trial court's inherent discretion to dismiss an action for want of prosecution remains.
Thorp Meats, 110 Wash.2d at 169, 750 P.2d 1251.
Thorp Meats should be limited, based on the history of CR 41(b) and public policy grounds. Like CR 41(b)(1), its predecessor, Rules of Pleading, Practice and Procedure (RPPP) 41.04W, provided in part: "Any civil action shall be dismissed, without prejudice, *667 for want of prosecution whenever the plaintiff, counter-claimant, cross-claimant, or third-party plaintiff neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, ..." Yellam v. Woerner, 77 Wash.2d 604, 606, 464 P.2d 947 (1970); Friese v. Adams, 44 Wash.2d 305, 305-06, 267 P.2d 107 (1954) (quoting similar language from RPPP 41.04W's predecessor, RPPP 3); see also RPPP III, 193 Wash. 40-a (1938); RPPP 3, 18 Wash.2d 32-a (1944); RPPP 3, 34A Wash.2d 69 (1951); RPPP 41.04W, 54 Wash.2d lvii (1960). Interpreting this former rule, we held, "[t]he rule permitted no discretion. If the conditions of the rule were met, dismissal was mandatory." Yellam, 77 Wash.2d at 606, 464 P.2d 947. Thus, any case was subject to a nondiscretionary motion for dismissal if the plaintiff had not noted it for trial within one year after the issues had been joined.
The present version of CR 41(b)(1) replaced RPPP 41.04W and went into effect on July 1, 1967. Yellam, 77 Wash.2d at 606-07, 464 P.2d 947. The significant change from prior versions of the rule is the provision precluding dismissal if the plaintiff manages to obtain a trial date before a motion for dismissal can be heard. The evident intent of the new rule was to prevent the harsh result of dismissal for failure to note a case for trial within one year. Now, if a plaintiff lets a case languish without noting it for trial within a year, the case is still subject to dismissal on motion by the defendant, but the plaintiff can avoid dismissal by obtaining a trial date before the dismissal hearing.
The new rule did not contemplate the present situation where the parties and the court have allowed cases to loiter in court files for years without resolution. Thorp Meats involved 18 months of delay, whereas the present case laid dormant for more than six years.
Public policy grounds also support a narrower interpretation of Thorp Meats and restoration of the court's inherent power to dismiss for dilatory conduct. First, the authority of courts to dismiss cases is fundamental to their control of court dockets. In Thorp Meats, we indicated trial courts may retain discretion to dismiss cases for want of prosecution where "dilatoriness of a type not described by CR 41(b)(1) is involved." Thorp Meats, 110 Wash.2d at 169, 750 P.2d 1251. The majority, however, appears to foreclose dismissal of any case for dilatory conduct, no matter how dilatory the conduct, if a note for trial is filed. Majority op. at 664. That goes too far.
In analyzing FRCP 41(b) and the inherent power of the federal courts to dismiss an action for want of prosecution, the United States Supreme Court in Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, rehearing denied, 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962) stated:
The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295-296, and dismissals for want of prosecution of bills in equity, e.g., id., at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b).
...
The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.
The United States Supreme Court in Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S.Ct. 2123, 2132-33, 115 L.Ed.2d 27, rehearing denied, 501 U.S. 1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991), stated:
It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." ... [the court] may act sua *668 sponte to dismiss a suit for failure to prosecute.... As we recognized in Roadway Express [ v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488], outright dismissal of a lawsuit, which we had upheld in Link, is a particularly severe sanction, yet is within the court's discretion.
This case is a good example of the kind of case in which the inherent power of a trial court to dismiss for dilatory conduct should be exercised. The events precipitating this case occurred more than a decade ago, and the case has languished in our court system for nearly that long.[2] As the Evanses here aptly point out, the Wallaces would be barred by the statute of limitation from initiating this contract action now (the six-year statute applies). Many of the policy reasons for statutes of limitation, such as the prevention of stale evidence, repose, and the desirability of prompt resolution of disputes, should apply also to cases like this in which a trial court considers the propriety of dismissal for want of prosecution after years of inactivity. The Evanses here argue they cannot fairly defend themselves because numerous persons whose testimony is necessary have died, retired, or moved away. The document key to the dispute was executed in December 1983. Finding witnesses now who can testify with accuracy about the meaning of the document will be difficult.
A second public policy reason for a narrower view of CR 41(b) is its potential for abuse. The majority here fails to recognize the possibility litigants may abuse CR 41(b)(1) by repeatedly noting cases for trial and then striking trial dates. The dissent in Thorp Meats suggests as much in lamenting "[u]nder the majority's analysis, a plaintiff can always avoid a dismissal under CR 41(b)(1) simply by noting a case for trial." Thorp Meats, 110 Wash.2d at 170, 750 P.2d 1251 (Goodloe, J., dissenting).
In the final analysis, the majority determines trial courts do not have inherent authority to dismiss cases for want of prosecution and dilatory tactics by parties, arguably the most powerful tool trial courts do have to manage their calendars. I simply do not believe we have precluded dismissal of cases demonstrating prejudicial dilatoriness by the adoption of an inflexible court rule.

CONCLUSION
The present civil case has been languishing in the court system for nearly a decade. There is no excuse for this case taking so long to come to trial. This is precisely the type of case that should be dismissed for want of prosecution. We should not condone the delay of counsel in the handling of cases. Our civil justice system is not run for the benefit of attorneys, but is designed to swiftly and fairly resolve citizens' disputes. Actions in defiance of common sense, like inexcusable delay, diminish respect for the ability of that system to resolve disputes and dispense justice. Under the majority's interpretation of CR 41(b)(1), trial courts must always give the parties yet another chance to bring a case to trial when they have inexcusably refused or neglected to do so over a prolonged period of time. There is little wonder citizens are upset with our justice system when a civil matter takes a decade to resolve.
A dismissal for want of prosecution under CR 41(b) should be granted even when the opposing party notes the case for trial before the motion to dismiss is heard when the dilatoriness of the prosecuting party is prejudicial to the opposing party and unexcused. I would reverse the trial court and dismiss the case for want of prosecution.
JOHNSON, J., concurs.
NOTES
[1] It is not clear how this case avoided a CR 41(b)(2) dismissal on clerk's motion for over six years. Petitioners suggest this case "fell between the cracks." Petitioners' Br. at 21 n. 2.
[2] Justice Goodloe's dissent further reinforced the clear meaning of our decision. "Under the majority's analysis, a plaintiff can always avoid a dismissal under CR 41(b)(1) simply by noting a case for trial." Thorp Meats, 110 Wash.2d at 170, 750 P.2d 1251 (Goodloe, J., dissenting).
[3] "The suit does not sleep; we wake it up, we air it, we walk it about. That's something." (Emphasis in original.) Charles Dickens, Bleak House 559 (Signet Classic 1964) (1853).
[4] Petitioners object to the suggestion that they had any obligation to move this litigation toward resolution. If a defendant is willing to permit a lawsuit to remain unresolved indefinitely, such a defendant has no obligation to do anything. But, unlike CR 41(b)(2) (dismissal on clerk's motion), CR 41(b)(1) is not self executing. A defendant must affirmatively request a dismissal for want of prosecution under this rule. Petitioners have only themselves to blame for not seeking such a dismissal sooner.

Cases cited by petitioners stand for the proposition that the defendant's inaction does not excuse a plaintiff's failure to timely prosecute an action. See Holmoe v. Reuss, 403 N.W.2d 30, 31 (S.D.1987); Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co., 698 P.2d 1340, 1344 (Colo. 1985). This consideration would be relevant if the trial court had any authority to dismiss an action that has been noted for trial.
[5] CR 41(b)(2) provides for automatic dismissal for want of prosecution. Newer local rules provide mandatory case schedules and may limit a party's ability to change trial dates. See King County Local Rules 4, 40(e).
[1] CR 41(b) reads as follows:

(b) Involuntary Dismissal; Effect. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.
(1) Want of Prosecution on Motion of Party. Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.
[2] Through some apparent miscue in the system, a clerk's motion to dismiss for want of prosecution under CR 41(b)(2) was not filed during the six-year hiatus in this case. CR 41(b)(2) requires the clerk of the court to take action compelling either further prosecution of the case or dismissal where no action of record has occurred for 12 months. Pursuant to such clerk's motions, dismissal is mandatory. Vaughn v. Chung, 119 Wash.2d 273, 281, 830 P.2d 668 (1992).

Where the court finds a stale claim before it, the clerk having failed to appropriately act under CR 41(b)(2), and where egregious delay in prosecuting the case seriously hampers the ability to defend, the court retains its inherent powers to correct the anomaly by dismissing the case.