IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RACHIT THIRANI,<br><br>　　　　　　Appellant,<br><br>　　　v.<br><br>GIANG NGUYEN, a/k/a JINZ<br>NGUYEN, a/k/a HUONG GIANG,<br><br>　　　　　　Respondent. | No. 85891-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Rachit Thirani appeals the order that denied his motion for partial summary judgment and dismissed his claims. The trial court cited no authority for its ruling, and the record provides no basis from which to determine the legal grounds for dismissal. Accordingly, we reverse and remand for further proceedings.

FACTS

Rachit Thirani and Giang Nguyen met online sometime between late December 2020 and early January 2021. Shortly thereafter, they went on several dates and formed a relationship, the nature of which is highly contested. During their association, Thirani provided Nguyen with gifts and monetary support in various amounts. The limited record before us[1] indicates that the relationship was tumultuous, marked by repeated breakups and reconciliations.

---

[1] The record does not contain the full transcript of Nguyen's deposition. The available excerpts offer only a fragmented account of events and fail to present a complete timeline.

On May 19, 2022, Thirani filed a three-count complaint against Nguyen, asserting claims for fraud, negligent misrepresentation, and outrage. The record does not contain an answer from Nguyen. However, Thirani engaged in discovery and filed multiple motions for contempt when Nguyen did not respond. The court entered three orders of contempt against Nguyen, but the final contempt order also prohibited Thirani from filing further motions for monetary sanctions, directing that any ongoing concerns would be heard through other means.

On September 7, 2023, Thirani moved for partial summary judgment solely on the issue of liability related to his fraud claim. Nguyen did not submit a written response but appeared at oral argument without counsel and provided further argument that was consistent with her previous deposition testimony. Thirani had the opportunity to rebut and respond. The trial court reserved ruling, but later denied the motion for partial summary judgment and sua sponte dismissed the entire case in the same order. It found that Thirani could not, as a matter of law, sustain his burden of proof for fraud, misrepresentation, and outrage.

Thirani timely appealed.

ANALYSIS

Thirani challenges the trial court's ruling, arguing that the court erred by viewing the evidence in the light most favorable to Nguyen and by dismissing his claims sua sponte without affording him a meaningful opportunity to be heard. Although the trial court did address Thirani's motion for partial summary judgment, it exceeded the scope of the question presented in the hearing when it dismissed the complaint entirely. In its order, the court stated the following:

> [O]n the evidence provided views [sic] the facts submitted and viewing all reasonable inferences in the light most favorable to Defendant, that Plaintiff cannot sustain his burden of proof as to his claims for fraud, misrepresentation, and outrage as a matter of law.
>
> The Court is not denying Plaintiff's Motion for Summary Judgement because there are disputed issues of material fact. Rather, *the dismissal of Plaintiff's cause of action is based on an inability as a matter of law to sustain any cause of action based on the facts asserted in the complaint and subsequent Declarations/Pleadings. Because the purpose of a Motion for Summary Judgment is to avoid a useless trial, the Court dismisses Plaintiffs complaint without prejudice*.

(Emphasis added.) This court previously held that "absent a showing of an abuse of discretion, trial courts must be supported in their effort to move cases along and prevent undue congestion in their calendars." *Wagner v. McDonald*, 10 Wn. App. 213, 217, 516 P.2d 1051 (1973).

Here, however, the issue is not judicial discretion but the absence of legal authority for the trial court's ruling. The order contains no citation to statute or precedent, and the record offers no basis on which to assess the court's reasoning. Nor does the report of proceedings clarify the extent to which the trial court considered legal authority in reaching its decision. All of these factors are critical considerations on appeal as they determine the appropriate standard of review applied by this court and, in turn, the degree of discretion extended to the trial court. For example, we consider rulings on summary judgment de novo and the nonmoving party is entitled to all reasonable inferences. *Lybbert v. Grant County, State of Wash.*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). However, when a case is dismissed pursuant to CR 12(b)(6), we also apply a de novo standard of review, but must presume the truth of the facts alleged in the complaint and may further

consider even hypothetical facts. *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3 206 (2007).

Perhaps more critically, a trial court's power to dismiss a case sua sponte is not unlimited. *See, e.g., Anderson v. Mohundro*, 24 Wn. App. 569, 575, 604 P.2d 181 (1979) (dismissal "is the most severe sanction which a court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited."); *Snohomish County v. Thorp Meats*, 110 Wn.2d 163, 166-67, 750 P.2d 1251 (1988) ("A court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented." (footnote omitted)); *Walker v. Bonney-Watson Co.*, 64 Wn. App. 27, 37, 823 P.2d 518 (1992) ("Under the first sentence of CR 41(b), a trial court may exercise its discretion to dismiss an action based on a party's willful noncompliance with a reasonable court order."); *Woodhead v. Disc. Waterbeds, Inc.*, 78 Wn. App. 125, 129, 896 P.2d 66 (1995) ("Under CR 41(b), a trial court has the authority to dismiss an action for noncompliance with a court order or court rules."); *Wallace v. Evans*, 131 Wn.2d 572, 577, 934 P.2d 662 (1997) (explaining trial court has discretion to ignore prohibition of dismissal under CR 41(b)(1) where delay was caused by "unacceptable litigation practices other than mere inaction"); *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, 174 Wn.2d 304, 308, 274 P.3d 1025 (2012) (dismissal is not allowed "'if the case is noted for trial before the hearing on the motion'" to dismiss (quoting CR 41(b)(1)). Courts must act within the confines of established legal standards and provide a clear basis for their rulings. Here, the trial court

failed to articulate any such basis.  Because we are without any record from which to determine whether the court erred by either a misinterpretation or misapplication of controlling authority, we are compelled to reverse and remand for further proceedings.[2]

Reversed and remanded.

Hazelrigg, A.C.J.

WE CONCUR:

Birk, J.                    Smith, C.J.

---

[2] Because we reverse on a procedural basis, we need not reach Thirani's assignment of error regarding due process.