[No. 85654-1. En Banc.]
Argued November 8, 2011. Decided April 19, 2012.

BUSINESS SERVICES OF AMERICA II, INC., *Respondent*, v.
WAFERTECH, LLC, *Petitioner*.

*Howard M. Goodfriend* (of *Smith Goodfriend PS*) and *James T. McDermott* and *Aaron D. Goldstein* (of *Ball Janik LLP*), for petitioner.

*Eric R. Hultman* (of *Hultman Law Office*), for respondent.

*Stewart A. Estes, Daniel J. Gunter, Bryan J. Case,* and *Shilpa Bhatia* on behalf of Washington Defense Trial Lawyers, amicus curiae.

¶1 CHAMBERS, J. — Business Services of America II, Inc. (BSA) sued WaferTech LLC. After the trial court dismissed BSA's claims, BSA appealed. In March 2004, the Court of Appeals affirmed dismissal of all but one claim, which it remanded for trial. After remand, the case lay mostly dormant until June 2009, when BSA noted the case for trial. WaferTech then moved for dismissal. The trial court granted the motion to dismiss, and BSA appealed. BSA argued that the trial court had no discretion to dismiss the case because CR 41(b)(1) states that if a case is noted for trial before a dismissal hearing, it "shall not" be dismissed. The Court of Appeals agreed with BSA and reversed. WaferTech sought review. We affirm the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

FACTS

¶2 BSA and WaferTech were opposing parties in a lawsuit that began in 1998 following a construction contract dispute. BSA was the assignee of claims by a subcontractor who had been terminated from the contract. At trial all of BSA's claims against WaferTech were dismissed, and $856,760.48 in attorney fees were entered against it. The Court of Appeals affirmed dismissal of most claims but reversed with respect to a lien foreclosure claim, which it remanded for trial in 2004. *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC,* noted at 120 Wn. App. 1042, 2004 WL 444724, 2004 Wash. App. LEXIS 362.

¶3 In April 2005, WaferTech filed a satisfaction of judgment with respect to the attorney fees it had been awarded.

Then, in July 2006, the trial court issued a "Stipulation and Order for Return of Exhibits." Neither party responded to the order, and the trial court destroyed the exhibits. Next, in May 2008, BSA's counsel filed a notice of intent to withdraw as BSA's counsel in the case. The notice stated, not entirely accurately, "No trial date is set. This case has been dismissed and judgment entered thereon against Plaintiffs." Clerk's Papers (CP) at 43.

¶4 After remand, BSA went through a receivership and changed ownership several times. Finally, in 2009, the current owner of BSA's claim decided to try the lien claim. BSA noted the case for trial on June 15, 2009. Two months later, WaferTech moved for dismissal. BSA opposed the motion, arguing that CR 41(b)(1) prohibited dismissal because it states that a case shall not be dismissed if it is noted for trial before the hearing on the motion to dismiss. The trial court granted dismissal, finding that it was not constrained by CR 41(b)(1). BSA appealed, and the Court of Appeals reversed the trial court, holding that CR 41(b)(1) limited the court's discretion to dismiss the case. *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, 159 Wn. App. 591, 245 P.3d 257 (2011).

ANALYSIS

*a. Standard of Review*

 ¶5 Interpretation of a court rule is a question of law we review de novo. *State v. Schwab*, 163 Wn.2d 664, 671, 185 P.3d 1151 (2008) (citing *City of College Place v. Staudenmaier*, 110 Wn. App. 841, 845, 43 P.3d 43 (2002)). Court rules are interpreted in the same manner as statutes and are construed in accord with their purpose. *State v. Wittenbarger*, 124 Wn.2d 467, 484, 880 P.2d 517 (1994). The starting point is thus the rule's plain language and ordinary meaning. *See State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (citing *Nat'l Elec. Contractors Ass'n v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999)).

### b. Dismissal under CR 41(b)(1)

¶6 The dismissal of an action for want of prosecution is in the discretion of the court in the absence of a guiding statute or rule of court. *Snohomish County v. Thorp Meats*, 110 Wn.2d 163, 167, 750 P.2d 1251 (1988) (citing *State ex rel. Dawson v. Superior Court*, 16 Wn.2d 300, 304, 133 P.2d 285 (1943)). However, dismissal is mandatory if CR 41(b)(1) applies. *Id.* at 167, 168-69. The rule states in full:

> Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. *If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.*

CR 41(b)(1) (emphasis added). There is only one exception to the mandatory application of the italicized portion of the rule: "Where dilatoriness of a type not described by CR 41(b)(1) is involved, a trial court's inherent discretion to dismiss an action for want of prosecution remains." *Thorp Meats*, 110 Wn.2d at 169 (citing *Gott v. Woody*, 11 Wn. App. 504, 508, 524 P.2d 452 (1974)). Such dilatoriness "refers to unacceptable litigation practices other than mere inaction." *Wallace v. Evans*, 131 Wn.2d 572, 577, 934 P.2d 662 (1997).

¶7 The sole question is whether CR 41(b)(1) applies in this case to limit the trial court's inherent discretion to dismiss. BSA's argument is straightforward. It claims that it noted the case before the hearing on the motion to dismiss, and therefore the case cannot be dismissed. *See* CR 41(b)(1). WaferTech makes two arguments in response. First, it asserts that this case falls under the "unacceptable litigation practices other than mere inaction" exception to the rule in CR 41(b)(1). *Wallace*, 131 Wn.2d at 577. Specifi-

cally, it relies on the lack of any response from BSA to the trial court's stipulation and order for return of exhibits and the notice of withdrawal from BSA's counsel, sent to both the trial court and WaferTech, stating that the case had been dismissed. WaferTech claims that these two instances amount to conduct other than mere inaction, and thus the court was within its discretion to dismiss the action. *See id.*

¶8 Second, WaferTech argues that CR 41(b)(1) does not apply on remand. It claims that CR 41(b)(1), by its terms, applies when a case is not noted "within 1 year after any issue of law or fact has been joined" and asserts this requirement is rendered inoperative when a case has been noted, tried, appealed, and remanded in part. It also points out that no case has ever applied CR 41(b)(1) to limit, on remand from appeal, a court's inherent authority to dismiss a case.

¶9 The trial court in making its decision to dismiss the case primarily relied upon WaferTech's second argument. The following is the language at issue in this case: "If the case is noted for trial before the hearing on the motion, the action shall not be dismissed." CR 41(b)(1). This court addressed the purpose behind that language in *Thorp Meats*:

> This sentence was promulgated to encourage cases to be heard on the merits, the courts recognizing that involuntary dismissal for want of prosecution "is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy." Thus, the notice of trial setting interposed after the motion to dismiss and before the hearing on the motion is the exception to what would otherwise be a mandatory dismissal under CR 41(b)(1).

*Thorp Meats*, 110 Wn.2d at 168 (footnote omitted) (quoting *Yellam v. Woerner*, 77 Wn.2d 604, 608, 464 P.2d 947 (1970)). Relying on the statement that the purpose of the rule is to encourage cases to be heard on the merits, WaferTech asserts that when issues of fact and law are joined in a case, and the case is noted for trial, tried on the merits, appealed,

and remanded for further trial, the concerns underlying the promulgation of CR 41(b)(1) are no longer relevant. According to WaferTech, under these circumstances the rule's purpose has been served because the merits of the controversy have already been reached at least once. WaferTech also contends that CR 41(b)(1) by its terms applies only when a case is *not* noted within a year after joinder of any issues and so cannot apply to a case that was *already* noted and tried, appealed, and then remanded. *See* CR 41(b)(1). Thus, WaferTech argues, a trial court regains its discretion to dismiss at the point of remand.

¶10 As the Court of Appeals pointed out, there is no authority whatsoever for the claim that the rule does not apply after remand. *Bus. Servs.*, 159 Wn. App. at 598. Moreover, we have held under the predecessor rule to CR 41(b)(1) that an issue of law or fact is joined when, among other circumstances, a case is remanded from an appeal. *State ex rel. Wash. Water Power Co. v. Superior Court*, 41 Wn.2d 484, 490, 250 P.2d 536 (1952) (citing Rule 3, former Rules of Pleading, Practice and Procedure, 34A Wn.2d 69 (1938)). There is no reason to treat CR 41(b)(1) differently, and we hold CR 41(b)(1) applies to cases on remand.

¶11 WaferTech's other argument relies on the solitary exception to the ordinarily strict application of CR 41(b)(1). In *Wallace*, 131 Wn.2d at 577, as mentioned, this court found that a trial court has discretion to ignore the prohibition of dismissal under CR 41(b)(1) where delay was caused by "unacceptable litigation practices other than mere inaction." WaferTech argues BSA went beyond "mere inaction" by (1) failing to respond to the court's order resulting in destruction of exhibits and (2) stating that the case had been dismissed in its notice of withdrawal of counsel. As a result of these actions, WaferTech maintains that the trial court had discretion to dismiss the case despite CR 41(b)(1).

¶12 In both *Wallace* and *Thorp Meats*, this court expressly referred readers to the Court of Appeals case *Gott*

for examples of the sort of behavior not covered by CR 41(b)(1). *Wallace*, 131 Wn.2d at 577-78 (quoting *Gott*, 11 Wn. App. at 508); *Thorp Meats*, 110 Wn.2d at 169 n.14 (citing *Gott*, 11 Wn. App. at 508). Specifically, both cases cite to the following passage from *Gott*:

> We do not believe, as defendants contend, that this interpretation will seriously invade the discretionary power of the Superior Court to manage its affairs, so as to achieve the orderly and expeditious disposition of cases, to assure compliance with the court's rulings and observance of hearing and trial settings which are made. In these areas the trial court's inherent discretion is not questioned by our interpretation. *See Wagner v. McDonald*, 10 Wn. App. 213, 516 P.2d 1051 (1973) (dismissal for want of prosecution where plaintiff failed to appear at trial). *See also Link v. Wabash R.R.*, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962) ([FED. R. CIV. P.] 41 (dismissal where failure to appear at pretrial conference was combined with general dilatoriness).

*Gott*, 11 Wn. App. at 508. Other cases, although not expressly addressing want of prosecution, have allowed discretionary dismissal for failures to appear, filing late briefs, and similarly egregious sorts of dilatory behavior. *E.g.*, *Apostolis v. City of Seattle*, 101 Wn. App. 300, 305, 3 P.3d 198 (2000).[1]

■■ ¶13 The behavior engaged in by BSA here does not rise to the level of "unacceptable litigation practices other than mere inaction." *Wallace*, 131 Wn.2d at 577. A lack of response to the court's recall of exhibits is not equivalent to a failure to appear at a court proceeding or noncompliance with a court order or ruling. No response was required to

---

[1] BSA also argues that WaferTech's claim is more appropriately viewed as an estoppel claim than a failure to prosecute claim and spends some time arguing why an estoppel claim would fail here. It is not clear why BSA is raising an argument for WaferTech, but since WaferTech does not raise it, the court will not address it.

the court's stipulation and order.[2] The withdrawal of counsel accompanied by a statement that the case had been dismissed, while certainly not commendable, is likewise not an unacceptable litigation practice that is a basis for an exception to CR 41(b)(1). The withdrawal notice came about four years after the case was remanded for trial, and there is no evidence that any party took any action or relied in any way on the statement in the notice that the case was "dismissed." CP at 43.

¶14 While we do not commend BSA's failure to promptly move its case forward, neither should WaferTech be commended. At all times, WaferTech knew that the Court of Appeals had remanded the lien claim for trial. *See* Report of Proceedings (Aug. 26, 2009) at 3-5. CR 41(b)(1) is designed to provide an option for parties like WaferTech if they wish for early resolution. Certainly no one would expect BSA to move to dismiss its own claim. One year after remand, WaferTech could have moved at any time to dismiss BSA's claim for want of prosecution. *See* CR 41(b)(1). If WaferTech was concerned that delay would prejudice its ability to present its case, a motion under CR 41(b)(1) was available to WaferTech to bring the case to a conclusion.[3] WaferTech failed to move under CR 41(b)(1) for four years and finally made its motion only after BSA noted the case for trial. Further, while WaferTech complains that BSA did not respond to the trial court's "Stipulation and Order for Return of Exhibits," which it claims resulted in the destruction of trial court exhibits, WaferTech also failed to respond

---

[2] It is not clear from the record whether either party retains copies of the exhibits. The record does establish that the trial court possesses copies of all files on microfiche.

[3] Surprisingly, the dissent claims the majority says something it does not. To wit: that WaferTech had an obligation to "forward the prosecution of the case." Dissent at 318. We do not assert or even suggest that a defendant has any such obligation. We do suggest that if a defendant wants a case dismissed for want of prosecution, moving for dismissal before the opponent notes its case for trial is the best way for the defendant to accomplish its goal.

to the notice regarding exhibits.[4] If WaferTech wanted to save the trial court exhibits, it could easily have done so. WaferTech seems to make much of BSA's counsel's notice of intent to withdraw, in which the withdrawing lawyer erroneously states, "[T]his case has been dismissed and judgment entered thereon against Plaintiffs." CP at 43. But the notice of intent was not an order dismissing a claim. The "Notice of Intent to Withdraw" in fact presented WaferTech with a perfect opportunity to seek an order of dismissal of all claims, but it failed to do so.

¶15 Trial courts, of course, have inherent authority to maintain their calendars and to control their courtrooms. The facts of this case do not implicate that authority.

CONCLUSION

¶16 We hold that because this case was noted for trial before the hearing on the motion to dismiss, under the plain terms of CR 41(b)(1), the trial judge lacked discretion to dismiss the case. Under the facts before us, BSA did not engage in the sort of unacceptable litigation practices that would allow an exception to CR 41(b)(1). The Court of Appeals is affirmed.

OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., and ALEXANDER and SWEENEY, JJ. PRO TEM., concur.

¶17 MADSEN, C.J. (dissenting) — Dismissals for want of prosecution protect litigants from dilatory conduct and prevent unresolved and inactive prosecution from cluttering court records. *Franks v. Douglas*, 57 Wn.2d 583, 585, 358 P.2d 969 (1961). Unfortunately, the majority applies CR 41(b)(1) to hold that the trial court erred in granting defendant WaferTech LLC's motion for dismissal for want of

---

[4] No party claims that copies of the exhibits do not exist in some form or that any exhibit was permanently lost.

prosecution. But the rule does not apply because plaintiff Business Services of America II, Inc. (BSA) engaged in unacceptable litigation practices, taking this case outside of CR 41(b)(1).

¶18 Dismissal is within the trial court's inherent discretion when there is no applicable court rule or statute that creates and guides the power to dismiss an action. *Snohomish County v. Thorp Meats*, 110 Wn.2d 163, 167, 750 P.2d 1251 (1988). Here, the trial court properly exercised its inherent discretion to grant defendant WaferTech's motion to dismiss. Therefore, the Court of Appeals should be reversed and the trial court's order dismissing the action should be reinstated. Accordingly, I dissent from the majority opinion.

¶19 But even if CR 41(b)(1) did apply, the majority is wrong to place fault with WaferTech for failing to take some action toward an earlier resolution of the case. CR 41(b)(1) does not permit evaluation of the *defendant's* conduct unless the failure to prosecute was caused by the defendant, which did not occur here. The burden of moving the case forward is on the *plaintiff*. The majority therefore inappropriately blames WaferTech for failing to move to dismiss the claim for want of prosecution at an earlier time and failing itself to respond to the trial court's notice regarding destruction of trial exhibits. WaferTech had no obligation to do either.

Discussion

*CR 41(b)(1) Does Not Apply; Inherent Authority*

¶20 CR 41(b)(1) addresses motions for dismissal on the ground that the plaintiff has failed to prosecute the action. This provision requires dismissal of the suit on defendant's motion when the plaintiff has failed to note the case for trial within a year after an issue of fact or law has been joined, provided that the defendant is not responsible for the delay. CR 41(b)(1); *Thorp Meats*, 110 Wn.2d at 167. If the plaintiff

notes the case for trial prior to the hearing on a motion for dismissal, then the rule provides that the case "shall not be dismissed." CR 41(b)(1).

¶21 However, the rule does not apply when the plaintiff engages in unacceptable litigation practices beyond mere inaction because this is not the type of dilatoriness that is contemplated by the rule. Rather, the trial court's inherent authority to dismiss an action for want of prosecution remains when the plaintiff has engaged in unacceptable litigation practices. *Wallace v. Evans*, 131 Wn.2d 572, 577, 934 P.2d 662 (1997); *Thorp Meats*, 110 Wn.2d at 168-69 (citing *Gott v. Woody*, 11 Wn. App. 504, 508, 524 P.2d 452 (1974)).

¶22 Failure to prosecute does not fall within CR 41(b)(1), for example, when the plaintiff fails to prosecute the action by failing to appear at trial. *Wallace*, 131 Wn.2d at 578 (citing *Wagner v. McDonald*, 10 Wn. App. 213, 516 P.2d 1051 (1973)). Such dilatoriness also occurs, for example, when there is a failure to appear at a pretrial conference in combination with general dilatoriness. *Id.* (citing *Link v. Wabash R.R.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). These circumstances invoke the trial court's inherent authority to dismiss.

¶23 Here, too, the plaintiff engaged in unacceptable litigation practices. BSA did nothing for four years. During this time BSA tacitly accepted, without objection, the trial court's July 5, 2006, stipulation and order for return of exhibits, more than a year after the Court of Appeals' mandate. The failure to correct the trial court's apparent belief that the case was over led to the court's destruction of 1,551 trial exhibits. On May 16, 2008, the belief that the case was closed was reinforced when BSA filed a notice of intent to withdraw that expressly stated that no trial had been set because the case had been dismissed and judgment entered against the plaintiff. BSA thus affirmatively led WaferTech and the trial court to believe that the case was at an end—certainly so far as BSA was concerned. This would

not have surprised either the court or WaferTech, given that the events occurred long after extensive, lengthy litigation and resolution in the defendant's favor of all but one of the claims originally asserted. At some point after these events, the trial court's clerk's office closed its file on the case. Then, on January 13, 2009, BSA at last contacted the superior court's office. BSA noted the matter for trial on June 15, 2009.

¶24 Under these circumstances, BSA engaged in unacceptable litigation practices, positively communicating to the trial court and WaferTech that it was no longer prosecuting the case and then turning around and renewing the prosecution.

*Abuse of Discretion Standard*

¶25 When the court's inherent power to dismiss for want of prosecution is at issue the trial court's decision is reviewed under the abuse of discretion standard, in contrast to review of the mandatory directives in CR 41(b)(1). *See Thorp Meats*, 110 Wn.2d at 167; *Stickney v. Port of Olympia*, 35 Wn.2d 239, 241, 212 P.2d 821 (1949). A court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *In re Guardianship of Lamb*, 173 Wn.2d 173, 189, 265 P.3d 876 (2011).

¶26 In exercising its discretion, it was proper for the trial court to consider both the unacceptable litigation practices of BSA and the burdens that restarting the case would impose on the court and WaferTech after the lengthy delay.[5] These burdens would be considerable. WaferTech explained that many key personnel on the litigated project who were formerly at WaferTech have left the company, some without known whereabouts. These include the project manager, the director of facilities, the project estimator, the facilities/

---

[5] While as explained below these are not appropriate considerations under CR 41(b)(1), they are proper considerations when the court's inherent discretionary power to dismiss an action is involved.

contract manager, the person responsible for procurement on the project, and the senior mechanical engineer for the project. Several expert witnesses originally retained are no longer available, WaferTech advised the court, and most of the team of attorneys previously representing WaferTech through the trial are no longer available.

¶27 The trial court noted the burden that would be placed on the court: "[F]or us to resurrect the files in this case is going to be next to impossible. . . . [T]hat creates a hardship on both the Court as well as the parties in the case." Tr. of Proceedings (Aug. 26, 2009) at 13. The court stated, "You know, this situation . . . epitomizes why we have standards in terms of getting cases resolved. And standards for keeping cases going because situations like this arise where all of the original parties, and everything else are gone." *Id.*

¶28 In light of BSA's unacceptable litigation practices and the burdens that would ensue if the case were revived, the trial court properly exercised its inherent power to dismiss the case and its doing so did not contravene the strict construction we have placed on CR 41(b)(1) in light of the fact that the rule should not be applied here.

¶29 The majority concludes, however, that the plaintiff's practices were not unacceptable litigation practices justifying dismissal in the discretion of the trial court. Case law demonstrates the contrary is true. As the majority itself says, discretionary dismissals have been allowed for failures to appear and for filing late briefs. Majority at 311 (citing *Apostolis v. City of Seattle*, 101 Wn. App. 300, 305, 3 P.3d 198 (2000)). Other cases where failure to appear justified dismissal in the discretion of the trial court are mentioned above. *Wagner*, 10 Wn. App. 213; *Link*, 370 U.S. 626; *see also Alexander v. Food Servs. of Am., Inc.*, 76 Wn. App. 425, 429-30, 886 P.2d 231 (1994) (failure to appear is a failure to prosecute; court may exercise discretion to dismiss). Although arising in a somewhat different context, dismissal was also within the trial court's exercise of sound discretion

based on failure to comply with an order to post funds required to perfect an administrative record for a trial court's review of a land use decision. *Jewell v. City of Kirkland*, 50 Wn. App. 813, 750 P.2d 1307 (1986). *Jewell* is instructive since the court explained the crucial importance of complying with the trial court's order in a timely manner and the need to "eliminate unnecessary delay" in land use cases. *Id.* at 821-22. Thus, the plaintiffs failed to prosecute their action in a timely fashion.

¶30 Certainly if dismissals for these types of conduct are within a trial court's inherent authority to dismiss, then dismissal in the present case was well within the trial court's discretion.

### Majority Improperly Faults WaferTech

¶31 As explained, CR 41(b)(1) does not control this case. However, even if CR 41(b)(1) were applicable, the majority improperly construes the rule. The majority places considerable emphasis on WaferTech's failure to respond to the trial court's order regarding destruction of the trial exhibits and its failure to move for dismissal of the action at an earlier time, since it knew that the case had not been dismissed in its entirety. Majority at 312-13. The majority concludes that WaferTech had the obligation to move for dismissal if it was concerned that delay would prejudice its case. Majority at 312.

¶32 Under CR 41(b)(1), the *defendant* has none of these obligations. In applying the rule that want of prosecution mandates dismissal upon motion of the defendant, it makes no difference whether the defendant could have taken steps to forward the prosecution of the case. *Arthur v. Wash. Water Power Co.*, 42 Wash. 431, 433, 85 P. 28 (1906). "[T]he failure of the defendant to take any steps to bring the cause to trial or hearing is not a ground for denial of the defendant's motion to dismiss the cause for want of prosecution, since the obligation in that respect rests upon plaintiff rather than the defendant." *State ex rel. Lyle v.*

*Superior Court*, 3 Wn.2d 702, 706, 102 P.2d 246 (1940) (predecessor version of the rule). The burden of going forward to escape operation of the rule providing for dismissal for want of prosecution always belongs to the plaintiff and not to the defendant. *McDowell v. Burke*, 57 Wn.2d 794, 796, 359 P.2d (1961) (predecessor rule); *State ex rel. Wash. Water Power Co. v. Superior Court*, 41 Wn.2d 484, 489, 250 P.2d 536 (1952) (same). The duty of seeing that diligence is exercised in prosecutions of civil actions rests particularly on the plaintiff. *State ex rel. Goodnow v. O'Phelan*, 6 Wn.2d 146, 153, 106 P.2d 1073 (1940) (quoting *Arthur*, 42 Wash. at 433); *see also Caldwell v. Caldwell*, 30 Wn.2d 430, 437, 191 P.2d 708 (1948) (" 'a defendant is under no obligation to speed the trial, and cannot be charged with neglect if he maintains his position on the defensive, and simply meets issues of law or of fact as the plaintiff regularly calls them up for hearing' " (quoting *State ex rel. Philips v. Hall*, 6 Wn.2d 531, 537, 108 P.2d 339 (1940))).[6]

¶33 Accordingly, in applying CR 41(b)(1) the majority improperly faults WaferTech for doing nothing itself to move the case forward and improperly places the burden on WaferTech to have moved for dismissal. CR 41 does not require that a defendant do so and this court's cases have long been to the contrary.

¶34 Under CR 41 " 'every reasonable opportunity should be afforded to permit the parties to reach the merits.' " *Thorp Meats*, 110 Wn.2d at 168 (quoting *Yellam v. Woerner*, 77 Wn.2d 604, 608, 464 P.2d 947 (1970) (decided under predecessor rule)); *see Landberg v. State*, 36 Wn. App. 675, 676-77, 676 P.2d 1027 (1984). However, it is not reasonable

---

[6] Moreover, in applying a rule governing mandatory dismissal for want of prosecution, "the court cannot consider the merits of the case nor the hardship which its application may bring." *State ex rel. Wash. Water Power Co.*, 41 Wn.2d at 489 (predecessor rule); *accord Thorp Meats*, 110 Wn.2d at 167 (CR 41(b)(1)); *State ex rel. Lyle*, 3 Wn.2d at 706 (predecessor rule). "[G]ood faith and honest intentions . . . are immaterial to the result required by rule . . . unless the *failure* to bring it on was caused by the party seeking dismissal." *State ex rel. Woodworth & Cornell v. Superior Court*, 9 Wn.2d 37, 42, 113 P.2d 527 (1941) (predecessor rule).

to allow the plaintiff to sit idle for four years, pay no attention to the order about exhibits, notify the court and the defendant of its own attorney's intent to withdraw on the basis that the action is at an end, and then pick up where it left off and note the case for trial after a motion for dismissal. In the face of this conduct, which as a whole constitutes unacceptable litigation practices, the majority unfortunately applies CR 41(b)(1) so as to afford BSA an unreasonable opportunity to breathe new life into its old case.

## Conclusion

¶35 I would hold that this case does not come within the ambit of CR 41(b)(1). Instead, because the plaintiff engaged in unacceptable litigation practices, the rule does not control. Accordingly, the trial court's decision was an exercise of its inherent power to dismiss for want of prosecution, reviewable under the abuse of discretion standard. Under this standard, the court acted within its sound discretion and properly dismissed the action.

¶36 I would reverse the Court of Appeals and reinstate the trial court's order dismissing this case.

C. JOHNSON, J., concurs with MADSEN, C.J.