# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO., an Illinois corporation, | No.  54134-3-II |
| Respondent, | |
| v. | |
| WILLIAM D. MORGAN and DONNA L. MORGAN, husband and wife; CORINNE M. TOBECK, as Personal Representative of the Estate of JOSEPH "JOEY" TOBECK; VERNON A. TOBECK, natural father of decedent Joseph "Joey" Tobeck; and APRIL D. NORMAN, natural mother of Joseph "Joey" Tobeck, | |
| Defendants, | |
| ROBERT CHARLES JUSTUS, a single man, | UNPUBLISHED OPINION |
| Appellant.[1] | |

LEE, C.J. — Robert C. Justus appeals the trial court's order dismissing his counterclaims against State Farm Fire & Casualty Company for want of prosecution.  In a previous appeal of this case, we remanded the case to the trial court to hold an in camera hearing to determine if State Farm's claim file contained documents protected by the attorney-client privilege, to redact privileged material and disclose the claim file to Justus, and to decide State Farm's summary

---

[1]  RAP 3.4 provides that the title of a case in the appellate court is the same as in the trial court. We follow that rule in this case, notwithstanding the title of the first appeal in this case, *State Farm Fire & Cas. Co. v. Justus*, 199 Wn. App. 435, 398 P.3d 1298, *review denied*, 189 Wn.2d 1026 (2017).

judgment motion on extra-contractual claims after disclosure. On remand, the trial court did not proceed as directed by this court in its opinion, and instead, the trial court dismissed Justus's extra-contractual claims for want of prosecution.

Justus argues that the trial court erred in dismissing his counterclaims because the alleged failure to bring the action for hearing was caused by State Farm. Justus also argues that we should compel the trial court to comply with this court's mandate following the prior appeal. And Justus argues that he is entitled to attorney fees and expenses on appeal under RAP 18.1 and RAP 18.9. Justus further argues that CR 11 sanctions should be imposed against State Farm.

We hold that the trial court erred in dismissing Justus' extra-contractual counterclaims because Justus satisfied the requirements of CR 41(b)(1) and the action should not have been dismissed. We also hold that Justus is not entitled to appellate attorney fees and expenses or CR 11 sanctions. Therefore, we reverse the trial court's order dismissing Justus' extra-contractual claims and remand for further proceedings consistent with our prior opinion.

FACTS

Justus filed a negligent wrongful detention action against William and Donna Morgan (the Morgans) for an incident where William Morgan shot at and held Justus at gunpoint. *State Farm Fire & Cas. Co. v. Justus*, 199 Wn. App. 435, 439, 398 P.3d 1258, *review denied*, 189 Wn.2d 1026 (2017). The Morgans had an umbrella insurance policy with State Farm. *Id.* Justus and the Morgans entered into a covenant judgment settlement in which the Morgans assigned to Justus all first party claims the Morgans had against State Farm, including coverage claims and extra-contractual claims. *Id.*

State Farm filed a separate declaratory judgment action, seeking a declaration from the court that the Morgans' insurance policy did not provide coverage for Justus' claim against the Morgans. *Id.* at 440. Because the Morgans assigned all first party claims to Justus, Justus counterclaimed that the insurance policy covered the incident. *Id.* Justus also made extra-contractual claims against State Farm.[2] *Id.*

The trial court bifurcated the case, separating the claims regarding the issue of coverage from Justus' extra-contractual claims. *Id.* at 445. After a bench trial, the trial court determined that the insurance policy did not provide coverage for the incident involving William Morgan and Justus. *Id.*

With regard to the extra-contractual claims, Justus filed a motion to compel production of the Morgans' claim file in State Farm's possession. *Id.* About the same time, State Farm moved for summary judgment to dismiss the extra-contractual claims. *Id.* at 446. The trial court denied Justus' motion to compel. *Id.* at 447. The trial court then granted State Farm's summary judgment motion, dismissing Justus' extra-contractual claims. *Id.*

Justus appealed the trial court's decisions regarding coverage, the motion to compel, and the summary judgment motion on his extra-contractual claims. *Id.* On the issue of the trial court's denial of Justus' motion to compel, we held that the trial court erred in denying the motion and remanded for the trial court

> (1) to hold an in camera hearing to determine whether the claim file contains any material protected under the Morgans' attorney-client privilege, (2) to redact any privileged material and disclose the claim file to Justus, and (3) to determine State

---

[2] Justus counterclaimed that State Farm engaged in bad faith and violated the Consumer Protection Act and Insurance Fair Conduct Act. *State Farm*, 199 Wn. App. at 440.

> Farm's summary judgment motion on the extracontractual claims after the disclosure.

*Id.* at 460. Our opinion was filed on June 27, 2017, and became the decision terminating review on December 6, 2017.

A mandate terminating review of the prior appeal was filed on December 12, 2017. The case was mandated "to the Superior Court from which the appeal was taken for further proceedings in accordance with the attached true copy of the opinion." Clerk's Papers (CP) at 1. The mandate also stated: "***Court Action Required:*** The sentencing court or criminal presiding judge is to place this matter on the next available motion calendar for action consistent with the opinion." CP at 1.

No action was taken by the trial court or either party for the next 20 months. Specifically, Justus took no steps to move the case forward, State Farm did not provide its claim file to the trial court to do an in-cameral review, and the trial did not order State Farm to provide the claim file so that it could conduct an in-camera review.

On August 26, 2019, Justus filed with the trial court and served on State Farm a request for the trial court to "note this matter on the next available calendar pursuant to the mandate." CP at 26. In response, on September 24, 2019, State Farm filed a motion to dismiss Justus' counterclaims for want of prosecution.

The trial court granted State Farm's motion to dismiss, finding that Justus "failed to note this action for trial or hearing within one year after issues of law and fact were joined "and such failure is not due to plaintiff State Farm's actions." CP at 87. The trial court stated that it never saw Justus' August 26, 2019 filing. The trial court further stated that, regardless, "[i]t was not a Motion to get the case back on track and do a case assignment, a trial assignment, anything."

Verbatim Report of Proceedings (VRP) at 8. The trial court said it was "incumbent upon [Justus] to get the ball rolling by filing a Motion or a Note of Issue." VRP at 8. Further, the trial court stated that the language in the Mandate under the "Court Action Required" only applied to criminal cases.

Justus appeals.

## ANALYSIS

### A.    MOTION TO DISMISS FOR WANT OF PROSECUTION

Justus argues that the trial court erred in dismissing his counterclaims for want of prosecution because the failure to bring the action for hearing was caused by State Farm. We agree that the trial court erred in dismissing his counterclaims for want of prosecution.

#### 1.    Legal Principles

"The dismissal of an action for want of prosecution is in the discretion of the court in the absence of a guiding statute or rule of court." *Business Services of America II, Inc. v. WaferTech LLC*, 174 Wn.2d 304, 308, 274 P.3d 1025 (2012). "However, dismissal is mandatory if CR 41(b)(1) applies." *Id.*

CR 41(b)(1) states:

> Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.

Dismissal under CR 41(b)(1) "'is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy.'"

*WaferTech LLC*, 174 Wn.2d at 309 (internal quotation marks omitted) (quoting *Snohomish County v. Thorps Meats*, 110 Wn.2d 163, 168, 750 P.2d 1251 (1988)).

    2.    CR 41(b)(1) Dismissal

State Farm argues that the failure to move the case forward was caused by Justus. Specifically, State Farm contends that this court's mandate in the prior appeal did "not constitute an 'order' directing State Farm or the superior court to do anything[;]" instead, the mandate addressed the "sentencing court or criminal presiding judge to take action." Br. of Resp't at 9 (italics omitted). And, according to State Farm, because Justus' counterclaims are civil and not criminal, the obligation fell to Justus to move the case forward.

Although the mandate included inapplicable language referencing "the sentencing court or criminal presiding judge," the mandate also states: "[T]his cause is mandated to the Superior Court from which the appeal was taken for further proceedings in accordance with the attached true copy of the opinion." CP at 1. The opinion expressly remanded the case for the trial court to conduct an in camera review of State Farm's claim file, to produce a redacted copy of the claim file to Justus, and to decide State farm's summary judgment motion on Justus's extracontractual claims. *State Farm*, 199 Wn. App. at 460. The language in this court's opinion clearly instructed the trial court to take specific action. The fact that the claim is civil and not criminal in nature does not affect this court's instructions to the trial court.

Further, State Farm provides no case law that states a trial court is not required to follow mandates from the appellate court in civil cases. "Where no authorities are cited in support of a proposition, we are not required to search out authorities, but may assume that counsel, after diligent search, has found none." *Helmbreck v. McPhee*, 15 Wn. App. 2d 41, 57, 476 P.3d 589

(2020), *review denied*, 196 Wn.2d 1047 (2021). This court's prior opinion clearly instructed the trial court to take action, not Justus.

State Farm further claims that neither they nor the trial court "had any obligation to proactively note the case for hearing, and no obligation to produce the claim file unless and until Justus requested that the superior court hold a hearing to conduct *in camera* review." Br. of Resp't at 9. However, State Farm cites to no authority that requires Justus to take action when this court's opinion clearly required the trial court to take specific action and State Farm was the party in possession of the documents the trial court needed to comply with this court's opinion.

Furthermore, Justus did file and serve in August 2019, a request that the superior court note the matter pursuant to the mandate. After being prompted that the appellate court's opinion instructed the trial court to conduct an in camera review of State Farm's claim file, instead of producing the claim file to the trial court for review, State Farm filed a motion to dismiss for want of prosecution. Given the record before this court, Justus' August 2019 request that the superior court "note this matter on the next available calendar pursuant to the mandate," which was filed and served *before* State Farm filed its motion to dismiss, satisfied CR 41(b)(1)'s requirements. CP at 26.

Moreover, State Farm caused the case to not move forward in the trial court. State Farm was aware of this court's instructions requiring the trial court on remand to conduct an in camera review of State Farm's claim file, redact the privileged material and disclose the claim file to Justus, and determine State Farm's summary judgment motion on the extra contractual claims after the disclosure. State Farm had in its possession the claim file the trial court needed to comply with this court's remand instructions. State Farm was again reminded of this court's instructions on

remand when Justus filed and served a request for the trial court to comply with this court's mandate and hold the in camera review of State Farm's claim file. Rather than providing the trial court with the claim file the trial court needed to comply with this court's opinion, State Farm filed a motion to dismiss for want of prosecution.

Although Justus could have taken steps before August 2019 to move the case forward, this court's opinion did not require him to. Regardless, Justus did request that the trial court take action with his filing on August 2019. Justus should not be penalized when Justus took steps to move the case forward. And State Farm should not be rewarded with a dismissal when it knew at all times that this court had remanded the case to the trial court for an in camera review of a claim file that was only in State Farm's possession, but State Farm did nothing to assist the trial court to comply with this court's remand instructions. *See WaferTech LLC*, 174 Wn.2d at 312 (stating WaferTech should not be commended when "[a]t all times, WaferTech knew that the Court of Appeals had remanded the lien claim for trial"). Therefore, we reverse the trial court's dismissal of Justus' counterclaims for want of prosecution and remand to the trial court to comply with this court's prior opinion.[3]

B.      ATTORNEY FEES AND EXPENSES ON APPEAL

Justus argues that State Farm should be ordered to pay appellate attorney fees and expenses under RAP 18.1 and RAP 18.9. Justus further argues that sanctions should be imposed against State Farm pursuant to RAP 18.9. We disagree.

---

[3] State Farm argues that Justus was required to file a writ of mandamus if he wished to compel the trial court to comply with this court's mandate. However, State Farm provides no authority to support its argument, and we assume no such authority exists. *See Helmbreck*, 15 Wn. App. 2d at 57. Therefore, State Farm's argument fails.

Under RAP 18.1(a), a party may request fees and expenses if applicable law grants such a right. Under RAP 18.9(a), a party is subject to sanctions if the party uses the rules on appeal for the purpose of delay, files a frivolous appeal, or fails to comply with the rules on appeal.

Justus only argues that he is entitled to appellate attorney fees and expenses because "'no debatable issue is presented upon which reasonable minds might differ.'" Br. of Appellant at 13 (quoting *Washington Motorsports Ltd. P'ship v. Spokane Raceway Park, Inc.*, 168 Wn. App. 710, 718, 282 P.3d 1107 (2012)). This quote is excerpted from a sentence defining when a party has made a frivolous appeal. *Washington Motorsports Ltd. P'ship*, 168 Wn. App. at 718. However, Justus was the party that made the appeal, not State Farm. Justus provides no argument to show how State Farm has used the rules on appeal for the purpose of delay or has failed to comply with the rules on appeal. Therefore, Justus has not shown that he is entitled to appellate attorney fees, expenses, and sanctions under RAP 18.1 and 18.9.

C.      CR 11 SANCTIONS

Justus argues that CR 11 sanctions should be imposed. We disagree.

Justus contends that the trial court and State Farm violated "several provisions" of CR 11 but does not identify which provisions of CR 11 were violated. Br. of Appellant at 15. Justus also contends that the trial court and State Farm engaged in "egregious litigation tactics," but does not provide any argument or cite to any authorities in support of his contention. *See* Br. of Appellant at 15. We reject Justus's CR 11 request.

We reverse the trial court's dismissal of Justus' extra-contractual claims and remand for the trial court to comply with our prior opinion.

No. 54134-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Maxa, J.

Veljacic, J.